United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 23-12742-WJ |
| Jared Hunter Scarth | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-6 | User: admin | Page 1 of 1 |
| Date Rcvd: Jun 27, 2023 | Form ID: pdf042 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 29, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Jared Hunter Scarth, 31222 Mangrove Dr, Temecula, CA 92592-4176 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 29, 2023         Signature:         /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 27, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Benjamin Heston | on behalf of Debtor Jared Hunter Scarth bhestonecf@gmail.com   benheston@recap.email,NexusBankruptcy@jubileebk.net |
| Rod Danielson (TR) | notice-efile@rodan13.com |
| United States Trustee (RS) | ustpregion16.rs.ecf@usdoj.gov |

TOTAL: 3

**FILED & ENTERED**

**JUN 27 2023**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch   DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:23-bk-12742-WJ |
| JARED HUNTER SCARTH, | CHAPTER 13 |
| Debtor. | **SCHEDULING ORDER** |

        Commencing in March of 2020, the outbreak of COVID-19, also known as the coronavirus, spread throughout the country and the world.  The federal courts closed that month and, except for a brief period of time in the summer of 2020, remained closed until April of 2021.  During this period of time, the courts adapted and, in various ways, employed remote technology.

        In particular, the court has used video technology to conduct chapter 13 confirmation hearings and status conferences.  It appears this process has enhanced (considerably) the convenience of these matters for the parties and the court.  Therefore, the court intends to continue conducting such matters by video for the foreseeable future.

        However, for several reasons, video hearings should occur separately from other matters not handled by video.  In other words, the court avoids conducting video hearings at the same time as in-person hearings.  Video hearings should occur on separate days and at separate times.

        Therefore, the Court hereby ORDERS as follows:

        1.     The status conference set for July 19, 2023 at 2:30 p.m. is hereby continued to November 20, 2023 at 11:30 a.m.  The confirmation hearing currently scheduled for August 9, 2023 at 2:00 p.m. is hereby continued to November 20, 2023 at 11:30 a.m.  Counsel for the debtor shall file and serve a notice of the continuance no later than July 3, 2023.

        2.     The meeting of creditors is currently scheduled for July 19, 2023.  No later than fourteen days prior to this meeting of creditors (and all future meetings of creditors), the debtor shall comply with LBR 3015-1(m) and file and serve the secured debt payment history declaration required in this case.  This topic is discussed in section III(L) on pages 32-35 of the procedures order in this case which counsel for the debtor should review.

        3.     If, after conducting the meeting of creditors, the trustee seeks dismissal of the case, the trustee should file and serve a request to dismiss the case by July 21, 2023 either in the form of (a) an objection to confirmation and a request to dismiss the case or (b) a motion to dismiss the

1  case.  If the trustee does so, the deadline for the debtor to respond to any request by the trustee to

2  dismiss the case filed by July 21, 2023 (whether as an objection to confirmation and a request to

3  dismiss the case or a motion to dismiss the case) is July 28, 2023.  Thereafter, the Court will review

4  the pleadings and, in most instances, rule on the motion.

6     4.    If the case is not dismissed after the meeting of creditors, then the following

7  procedures apply:

8         (a)    The trustee or any other party may file a motion to dismiss at any time or

9     any other motions and the deadline for the debtor to respond to such motions shall be

10    governed by the local rules.

11        (b)    If the debtor owns the current residence where the debtor lives, the debtor

12    should file (no later than October 30, 2023) a secured debt payment history declaration

13    demonstrating that the debtor has made all monthly post-petition mortgage payments from

14    the petition date through October 2023.  If the debtor owns the residence but it is not

15    subject to any mortgage, the declaration can be very short (i.e. a sentence or two) that

16    simply states as much.  If the debtor resides at property the debtor does not own, the debtor

17    should file (no later than October 30, 2023) a declaration demonstrating that the debtor has

18    made all monthly post-petition rent payments (with proof attached).[1]

19        (c)    If the trustee supports confirmation then, after the debtor files the required

20    pleading, the chapter 13 trustee should file, no later than November 6, 2023, a pleading

21    stating as much and attach a worksheet with the proposed terms of confirmation.  If the

22    chapter 13 trustee does not support confirmation then, no later than November 6, 2023, the

23    trustee should file a motion requesting dismissal which states all grounds for dismissal and

24    includes a declaration in support of the motion.  If the debtor has not made all post-petition

25    mortgage or rent payments for all post-petition months, the trustee normally requests

26    dismissal of the case.  If, for any reason, the trustee does not do so, the proposed terms of

---

[1] With respect to rent payments, in nearly all instances, post-petition obligations of assumed executory contracts or unexpired leases constitute administrative claims which must be paid in full pursuant to section 1322(a)(2).

- 3 -

confirmation must (a) include provisions to cure all post-petition arrearages (as well as any pre-petition arrearage) and (b) provide for conduit payments for the monthly payments for the rest of the case.

       (d)    The deadline for the debtor to respond to the trustee's pleading is November 13, 2023. If the trustee seeks dismissal, the debtor should file an opposition brief to the dismissal motion no later than November 13, 2023. If the trustee recommends confirmation, the debtor should state whether the debtor agrees with the terms of confirmation proposed by the trustee.

       (e)    The Court will review the pleadings and may issue a ruling without holding hearings on November 20, 2023 that (i) continues the matter, (ii) dismisses the case or (iii) grants other relief depending on various factors including, but not limited to, whether or not an agreement exists regarding confirmation, and whether or not the debtor has timely made payments and provided documents to the trustee during the case. If no order is entered prior to November 20, 2023, all parties should check the Court's posted calendar the day before November 20, 2023.

IT IS SO ORDERED.

###

Date: June 27, 2023

*Wayne Johnson*
Wayne Johnson
United States Bankruptcy Judge