ROD DANIELSON, Chapter 13 Trustee
Bridget Kelly, 256197
3787 University Avenue
Riverside, CA   92501
(951) 826-8000   FAX (951) 826-8090

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

|  |  |
|---|---|
| IN RE:<br><br>JARED HUNTER SCARTH,<br><br>Debtor(s). | ) Case No.: 6:23-bk-12742-WJ<br>)<br>) Chapter 13<br>)<br>) CHAPTER 13 TRUSTEE'S MOTION TO<br>) DISMISS AND OBJECTION TO PLAN<br>) CONFIRMATION<br>)<br>)<br>) <u>Confirmation Hearing</u><br>) Date: March 27, 2024<br>) Time: 3:30 PM<br>) Courtroom: 304 |

In accordance with the Scheduling Order, the Chapter 13 Trustee hereby moves for an order dismissing this case. Any opposition to this motion must be filed per the deadline set forth in the Scheduling Order. Failure to comply with these provisions may result in dismissal of the case.

Dismissal is requested pursuant to 11 U.S.C. § 1307(c)(1) for unreasonable delay for failure file the Secured Debt Payment History Declaration ("SDPHD") and failure to file the Motion to Avoid Lien ("Motion").

Per the Scheduling Order, counsel for the debtor was instructed to file a SDPHD no later than March 4, 2024.  As of today's date, no such declaration has been filed.

Debtor's initial plan filed on July 7, 2024 (docket #22) stated that the debtor intended to file the Motion.  At the 341(a) meeting on July 19, 2023, the staff attorney for the trustee requested that counsel for the debtor not wait until right before the confirmation hearing to file the Motion.  On October 27, 2023, the staff attorney emailed counsel regarding the Motion that had yet to be filed.  Exhibit A.  Counsel responded that the debtor no longer intended to file the Motion in this case, and instead would be filing the Motion in the 2018 bankruptcy.  Exhibit B.  Consequently, the staff attorney requested counsel to file an amended plan removing the language regarding filing the Motion.  Exhibit C.  On November 5, 2023, the debtor filed an amended plan (docket #37) removing the intent to file the Motion.  The trustee, therefore, filed a statement recommending confirmation.

The Court's tentative ruling for the confirmation hearing on November 20, 2023 was to confirm the plan.  But at the hearing, when the Court asked the question regarding the debtor's intent to file any motions to avoid liens, counsel answered in the affirmative, quite to the shock of the staff attorney for the trustee.  This was contrary to what counsel had told the staff attorney.  Since the Motion must be resolved prior to confirmation, the Court continued the hearing for the debtor to file the Motion.  In essence, by not filing the Motion in a timely manner, the debtor received several more months to file a motion that should have been filed prior to the first confirmation hearing.  Furthermore, the debtor avoided a dismissal motion from the trustee at that time (November 2023) based on what counsel had told the trustee's staff attorney.  As of today's date, the Motion has not been filed.

1       For all the foregoing reasons, the Chapter 13 Trustee objects to confirmation of the plan and requests the case be dismissed.

Dated: March 6, 2024

*/s/ Rod Danielson*

ROD DANIELSON, Chapter 13 Standing Trustee

## DECLARATION OF BRIDGET KELLY

I, BRIDGET KELLY, declare as follows:

1.  I am an attorney licensed by the State of California to practice law. I am a Staff Attorney for Rod Danielson, Chapter 13 Standing Trustee for the Riverside Division of the United States Bankruptcy Court for the Central District of California. I am admitted to practice before the District Court for the Central District of California.

2.  I have personally reviewed the files, records, and documents in this case and I am familiar with the facts contained in those documents. If called as a witness, I could and would be able to testify as to the facts contained therein.

3.  Counsel failed to file the required declaration pursuant to the Scheduling Order.

4.  Debtor's initial plan filed on July 7, 2024 (docket #22) stated that the debtor intended to file the Motion.

5.  At the 341(a) meeting on July 19, 2023, I requested that counsel for the debtor not wait until right before the confirmation hearing to file the Motion.

6.  On October 27, 2023, I emailed counsel regarding the Motion that had yet to be filed. A true and correct copy of the email is attached hereto as Exhibit A, with the relevant statement highlighted.

7.  Counsel responded that the debtor no longer intended to file the Motion in this case, and instead would be filing the Motion in the 2018 bankruptcy. A true and correct copy of the email is attached hereto as Exhibit B, with the relevant statement highlighted.

8.  Consequently, I requested counsel to file an amended plan removing the language regarding filing the Motion. A true and correct copy of the email is attached hereto as Exhibit C, with the relevant statement highlighted.

9. On November 5, 2023, the debtor filed an amended plan (docket #37) removing the intent to file the Motion.

10. The trustee, therefore, filed a statement recommending confirmation.

11. The Court's tentative ruling for the confirmation hearing on November 20, 2023 was to confirm the plan.

12. When the Court asked the question regarding the debtor's intent to file any motions to avoid liens, counsel answered in the affirmative, quite to my shock.

13. This was contrary to what counsel had told me.

14. Since the Motion must be resolved prior to confirmation, the Court continued the hearing for the debtor to file the Motion.

15. If not for what I was told by counsel, I would have file a dismissal motion in November 2023 for failure to file the Motion.

16. As of today's date, the Motion has not been filed.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed by me at Riverside, California.

DATED: March 6, 2024

*Bridget Kelly* (signature)

Bridget Kelly



Bridget Kelly &lt;bridget@rodan13.com&gt;

## Scarth #23-12742-WJ
1 message

**Bridget Kelly** &lt;bridget@rodan13.com&gt;  Fri, Oct 27, 2023 at 4:47 PM
To: Ben Heston &lt;ben@nexusbk.com&gt;

A new SDPH dec should be filed. First off, proof of the July MP, paid on 6/27/23 is barely readable at the bottom of page 4. It is cut off. This dec should be as easy as possible for the judge to verify the payments have been paid for each month. Along this same logic, I emailed you on 7/17/23 telling you to put the July MP on the July box in the chart. Yes, I realize the payment was paid in June, but the way the chart is now, it requires a closer examination because it looks like payments were missed. Again, it should be very easy for WJ to examine and verify. You can put a note next to the July and Oct payments stating paid in June and Sept., i.e., "$1,597.81 paid in June" and "$1597.81 paid in Sept" for the October box.

Per claims filed, the payment needs to increase to $5,386. This includes the judgment lien at 9.25% ==since the 522f motion was never filed.== Please confirm your debtor agrees to this, thanks.

\--

*This e-mail and any other e-mail messages sent by the Chapter 13 Trustee or his staff are for the sole use of the intended recipient(s).These e-mail messages contain information belonging to Rod Danielson, Chapter 13 Trustee. All e-mail messages sent by the Trustee or his staff are privileged or confidential (or both). Any disclosure, copying, distribution or inclusion in pleadings is prohibited. Failure to abide by these terms may result in termination of e-mail privileges of the recipient with this office. If you are not the intended recipient or if you received this e-mail in error, please delete. Thank you!*

EXHIBIT A



Bridget Kelly <bridget@rodan13.com>

## Re: Scarth #23-12742-WJ
1 message

**Ben Heston** <ben@nexusbk.com>                                   Tue, Oct 31, 2023 at 7:20 AM
To: Bridget Kelly <bridget@rodan13.com>

I will get the SDPH refiled asap. Can I get that done tomorrow? My client just resent proof of payments and it's actually worse than what was previously filed.

==We are going to be avoiding the lien through the 2018 bankruptcy== since this Ch13 will hopefully be dismissed within a few weeks once/if we settle with the Turocis. We should have the retroactive appraisal done by the end of the this week. My clients are agreeable to the payment terms you mentioned and we can modify later once the MTAL is granted.

On Fri, Oct 27, 2023 at 4:47 PM Bridget Kelly <bridget@rodan13.com> wrote:
> A new SDPH dec should be filed. First off, proof of the July MP, paid on 6/27/23 is barely readable at the bottom of page 4. It is cut off. This dec should be as easy as possible for the judge to verify the payments have been paid for each month. Along this same logic, I emailed you on 7/17/23 telling you to put the July MP on the July box in the chart. Yes, I realize the payment was paid in June, but the way the chart is now, it requires a closer examination because it looks like payments were missed. Again, it should be very easy for WJ to examine and verify. You can put a note next to the July and Oct payments stating paid in June and Sept., i.e., "$1,597.81 paid in June" and "$1597.81 paid in Sept" for the October box.
>
> Per claims filed, the payment needs to increase to $5,386. This includes the judgment lien at 9.25% since the 522f motion was never filed. Please confirm your debtor agrees to this, thanks.
>
> --
> *This e-mail and any other e-mail messages sent by the Chapter 13 Trustee or his staff are for the sole use of the intended recipient(s).These e-mail messages contain information belonging to Rod Danielson, Chapter 13 Trustee. All e-mail messages sent by the Trustee or his staff are privileged or confidential (or both). Any disclosure, copying, distribution or inclusion in pleadings is prohibited. Failure to abide by these terms may result in termination of e-mail privileges of the recipient with this office. If you are not the intended recipient or if you received this e-mail in error, please delete. Thank you!*

--

**Benjamin Heston, Esq.**
**NEXUS BANKRUPTCY**

EXHIBIT B



Bridget Kelly <bridget@rodan13.com>

## Re: Scarth #23-12742-WJ
1 message

**Bridget Kelly** <bridget@rodan13.com>　　　　　　　　　　　　　　　　　　　　　　Tue, Oct 31, 2023 at 2:37 PM
To: Ben Heston <ben@nexusbk.com>

==Then you would need to amend the plan and remove all language and checked bozes re the 522f motion.==

> On Tue, Oct 31, 2023 at 7:21 AM Ben Heston <ben@nexusbk.com> wrote:
>
>> I will get the SDPH refiled asap. Can I get that done tomorrow? My client just resent proof of payments and it's actually worse than what was previously filed.
>>
>> We are going to be avoiding the lien through the 2018 bankruptcy since this Ch13 will hopefully be dismissed within a few weeks once/if we settle with the Turocis. We should have the retroactive appraisal done by the end of the this week. My clients are agreeable to the payment terms you mentioned and we can modify later once the MTAL is granted.
>>
>>> On Fri, Oct 27, 2023 at 4:47 PM Bridget Kelly <bridget@rodan13.com> wrote:
>>> A new SDPH dec should be filed. First off, proof of the July MP, paid on 6/27/23 is barely readable at the bottom of page 4. It is cut off. This dec should be as easy as possible for the judge to verify the payments have been paid for each month. Along this same logic, I emailed you on 7/17/23 telling you to put the July MP on the July box in the chart. Yes, I realize the payment was paid in June, but the way the chart is now, it requires a closer examination because it looks like payments were missed. Again, it should be very easy for WJ to examine and verify. You can put a note next to the July and Oct payments stating paid in June and Sept., i.e., "$1,597.81 paid in June" and "$1597.81 paid in Sept" for the October box.
>>>
>>> Per claims filed, the payment needs to increase to $5,386. This includes the judgment lien at 9.25% since the 522f motion was never filed. Please confirm your debtor agrees to this, thanks.
>>>
>>> --
>>> *This e-mail and any other e-mail messages sent by the Chapter 13 Trustee or his staff are for the sole use of the intended recipient(s). These e-mail messages contain information belonging to Rod Danielson, Chapter 13 Trustee. All e-mail messages sent by the Trustee or his staff are privileged or confidential (or both). Any disclosure, copying, distribution or inclusion in pleadings is prohibited. Failure to abide by these terms may result in termination of e-mail privileges of the recipient with this office. If you are not the intended recipient or if you received this e-mail in error, please delete. Thank you!*
>>
>>
>> --
>>
>> **Benjamin Heston, Esq.**
>> **NEXUS BANKRUPTCY**

--
*This e-mail and any other e-mail messages sent by the Chapter 13 Trustee or his staff are for the sole use of the intended recipient(s). These e-mail messages contain information belonging to Rod Danielson, Chapter 13 Trustee. All e-mail messages sent by the Trustee or his staff are privileged or confidential (or both). Any disclosure, copying, distribution or inclusion in pleadings is prohibited. Failure to abide by these terms may result in termination of e-mail privileges of the recipient with this office. If you are not the intended recipient or if you received this e-mail in error, please delete. Thank you!*

**EXHIBIT C**

| In re:    **JARED HUNTER SCARTH** | **Chapter: 13** |
|---|---|
| Debtor(s) | Case Number: **6:23-bk-12742-WJ** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3787 University Avenue, Riverside, CA 92501.

A true and correct copy of the foregoing document entitled:  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Orders LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service Information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **3/6/2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here contitutes a declaration that mailing

Debtor
JARED HUNTER SCARTH
31222 MANGROVE DR
TEMECULA, CA  92592-4176

Attorney for Debtor
NEXUS BANKRUPTCY
3090 BRISTOL ST #400
COSTA MESA, CA  92626

☐ Service Information continued on attached pag

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on **03/06/2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here

HONORABLE WAYNE E. JOHNSON
3420 TWELFTH STREET
COURTROOM 304
RIVERSIDE, CA 92501-3819

☐ Service Information continued on attached pag

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and corre

| 3/6/2024 | Susan Jones | *Susan Jones* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

FG:173 - BK
JUNE 2012

**F 9013-3.1.PROOF.SERVICE**